```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERIE VICARI,

                Plaintiff,

- v. -

CAROLYN W. COLVIN,
ACTING COMMISSIONER
Social Security Administration,

                Defendant.

**ORDER**

13 Civ. 7148 (PGG) (RLE)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Valerie Vicari filed the Complaint in this action on October 9, 2013. (Dkt. No. 1) She seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits. (Id.) On November 22, 2013, this Court referred this case to Magistrate Judge Michael Dolinger for a Report & Recommendation ("R&R"). (Dkt. No. 3) On April 18, 2014, Plaintiff filed a motion for judgment on the pleadings, arguing that the Administrative Law Judge ("ALJ") improperly evaluated (1) the medical evidence, (2) the vocational evidence, and (3) Plaintiff's credibility. (Dkt. Nos. 12, 13) On August 6, 2014, Defendant filed a cross-motion for judgment on the pleadings. (Dkt. No. 21) On October 9, 2015 this case was redesignated to Magistrate Judge Ronald Ellis. On June 22, 2016, Judge Ellis issued an R&R recommending that this Court grant Plaintiff's motion for judgment on the pleadings, deny the Defendant's motion for judgment on the pleadings, and remand the case for further administrative proceedings. (Dkt. No. 25)

        In his R&R, Judge Ellis notified the parties that they had fourteen days from service of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of

the Federal Rules of Civil Procedure. (R&R (Dkt. No. 25) at 46) The R&R further states that a "[f]ailure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals." (Id.) Neither side has filed objections to the R&R.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no objections are filed to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

This Court has nonetheless reviewed Judge Ellis's comprehensive and well-reasoned R&R and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

Plaintiff's injuries stem from a "sudden onset" of symptoms on February 19, 2009, including benign paroxysmal positional vertigo, situational anxiety, and migraines/headaches. (R&R (Dkt. No. 25) at 2-3 (citing Tr. (Dkt. Nos. 8-2, 8-6) at 43, 45, 50-53, 155)) Plaintiff claims that she continues to suffer from these symptoms, inter alia, which prevent her from working. (Id. at 2-22; see also Pltf. Mot. for Judgment on the Pleadings (Dkt. No. 13) at 7-20; Cmplt. (Dkt. No. 1) at ¶ 5) She seeks review of ALJ Michael Rodriguez's determination that she is not disabled and therefore not entitled to benefits. (Cmplt. (Dkt. No. 1) at ¶¶ 6-20)

ALJ Rodriguez determined that, "although Vicari had severe impairments, they were not severe enough to meet or medically equal the severity of one of the listed impairments of 20 C.F.R. § 404.1520(d)." (R&R (Dkt. No. 25) at 22 (citing Tr. (Dkt. No. 8-2) at 20)) The ALJ further determined that Vicari could "perform sedentary work, in unskilled, low stress jobs that require only occasional decision-making or exercise of judgment in job performance, with occasional interaction with the public and frequent interaction with co-workers." (Id. at 27 (citing Tr. (Dkt. No. 8-2) at 25); see also Tr. (Dkt. No. 8-2) at 21)

In reviewing the record, Judge Ellis found that ALJ Rodriguez "did not fully consider the length, nature, and extent of the various medical sources' treatment relationships with Vicari." (R&R (Dkt. No. 25) at 36) For example, the ALJ did not accord proper weight to the opinion of Vicari's primary care physician from February 2009 through January 2012, "yet accorded 'great weight' to consultative examinations by [Social Security Administration] doctors." (Id. at 34-35) The ALJ also incorrectly "assign[ed] conclusive weight to [Vicari's] daily activities in determining whether [she] is capable of maintaining employment," and did not account for how such activities might materially differ from the physical demands of a job. (Id.

3

at 40-42 (citing Vasquez v. Barnhart, No. 02-CV-6751ARRRLM, 2004 WL 725322, at *11 (E.D.N.Y. Mar. 2, 2004) ("Under the law of the Second Circuit[,] a finding that a claimant is capable of undertaking basic activities of daily life cannot stand in for a determination of whether that person is capable of maintaining employment. . . ."))) Judge Ellis also highlights instances in which the ALJ's broad conclusions are not supported by "any medical records, mak[ing] it difficult to discern how the ALJ reached his decision." (Id. at 36)

This Court agrees with Judge Ellis's recommendation that "this case be remanded to allow the ALJ to reweigh the evidence, developing the record as needed." (Id. at 45 (citing Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physicians opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion.")))

Having determined that "there is no clear error on the face of the record," Nelson, 618 F. Supp. at 1189, this Court adopts Judge Ellis's R&R in its entirety and, for the reasons stated therein, remands this matter to the Commissioner of Social Security for further proceedings consistent with the R&R. The Clerk of the Court is respectfully directed to terminate the motions (Dkt. Nos. 12, 21) and to close this case.

Dated: New York, New York  
       September 30, 2016

SO ORDERED.

_Paul Gardephe_  
Paul G. Gardephe  
United States District Judge

4